LANG and WHITAKER *against* ANN KEPPELE
Executrix of GEORGE KEPPELE.

*Saturday,*
September
15th.

THIS was an action of assumpsit to recover a partnership debt due by the house of *Keppele* and *Zantzinger*, the defendant being executrix of the former, and the latter being still alive but a certificated bankrupt before the action was brought. The declaration contained a recital of the partnership, and an averment of the bankruptcy of *Zantzinger* since *Keppele's* death. The pleas were non assumpsit, plene administravit, and debts of a higher nature. At the trial before SHIPPEN C. J. and SMITH J. at Nisi Prius in *August* 1804, a verdict was taken for the plaintiffs, subject to the opinion of the court upon a point reserved, whether an action for a partnership debt can be maintained against the executor of a deceased partner, the other partner being alive, but a certificated bankrupt before action brought.

*In order to reach the estate of a deceased partner, an action for a partnership debt will be sustained against his executor, if the surviving partner be a certificated bankrupt before action brought.*

*Meredith* for the plaintiffs now argued that the action was well brought; for otherwise his clients would have a clear right without a remedy. It is true as a general rule that the demand stands good at law against the surviving partner, and that the

1804.

Lang
v.
Keppele.

executor of a deceased partner cannot in such case be pursued. But here the survivor is a certificated bankrupt; to pursue him is impossible. The only security of the plaintiffs is in the fund of the deceased partner, which can be reached in this way alone; and this court, giving effect to equity principles, will permit us to get at the fund, without regard to the strict ule of law. *Pollard* v. *Schaffer.* (*a*) This is every day's practice in Chancery. *Lane* v. *Williams* (*b*), *Stephenson* v. *Chiswell* (*c*). Our claim in equity is indisputable, for each partner is liable for the whole debt; and on a judgment against two partners execution may be levied on the goods of one.

But at all events the defendant should have pleaded this matter in abatement. *Rice* v. *Shute* (*d*), *Abbot* v. *Smith* (*e*), *Addison* v. *Overend* (*f*).

*Levy* for the defendant, argued that a plea in abatement would have been ill, for he could not have given the plaintiffs any other party liable to suit. Besides, the objection is not that you should have joined *Zantzinger*, for that would have been irregular, but that you cannot sue the executrix at all under the present circumstances; it is to the action and not to the exclusion of the surviving partner that we object. If however a plea in abatement would have answered, it is made unnecessary by the declaration, which of itself shews that the action does not lie. Chancery proceeds against the fund, but our courts against the person; and if a proper party is wanting, notwithstanding equity is a part of our law, the jurisdiction fails. It is for the legislature to find the remedy. The rule of law is clearly against the plaintiffs.

At the conclusion of the argument all the judges were of opinion that the plea in abatement would have been ill. At the same time upon the principal question, Shippen C. J. Yeates J. and Brackenridge J. were for the plaintiffs; but no opinion was given till this day, when Smith J. expressed his assent to the opinion of the court for the following reasons:

Smith J. The reasons assigned in support of this action I have all along thought of much force; but I at first doubted

(*a*) 1 *Dall.* 212.  (*c*) 3 *Vez. jr.* 292.  (*e*) 2 *W. Bl.* 947.
(*b*) 2 *Vern.* 292.  (*d*) 5 *Burr.* 2611.  (*f*) 6 *D. & E.* 766.

whether sitting as a court of law we could give relief to the plaintiffs. I now think however that we are not controlled by the technical objection. The equity of the case is clearly with the plaintiffs, for the contract entered into with partners is always *joint* and *several*, each partner is liable to pay the whole, and contribution lies entirely among themselves. The partner who survives is in this case a certificated bankrupt, who can no longer be pursued; the partner who is dead has left assets in the hands of the defendant, which can be reached only in this way. It is therefore a fair case for controlling the form of action so as to give effect to the equity powers of this court.

Per CURIAM.                         Judgment for plaintiffs.