Tilghman C. J.
It is evident, that this record made good the defendants’ plea. For by the Act of Assembly, the report of the arbitrators had the effect of a judgment,, until reversed. Indeed, as to one of the obligors, against whom the report operated as a judgment, there was not in fact any appeal, because he came into Court-and disavowed it. When an obligee has brought a joint action and proceeded to judgment, he never can have another action on the bond, because it is merged in the judgment. I am of opi. nion therefore, that the judgment of the Court of Common Pleas should be affirmed. Here I might stop ; but as the counsel for the plaintiff in error, is desirous -to have the sentiments of the Court, as to the mode to be pursued, in order to come at the estate of William Garvin, I shall not withhold my opinion on that'subject. The Arbitration Act has introduced a new system, and in order to carry it into effect, some' alterations of the common law are necessary. The, report of-the arbitrators has the effect of a judgment, until reversed on an appeal. It is a new species of judgment, in some respects final, but not in all. If no appeal be entered within twenty days, it is completely final. Execution may be issued on it, or a writ of error brought. But-an appeal being entered, the appellant is entitled to a trial by jury, and judgment will be entered, according to the,verdict, as usual. The case before us, is singular. One of the appellants dies before trial, and the other, who is said to be insolvent, disa-. *356 vows the appeal. ' How then is the plaintiff to'proceed ? No doubt the executors of. the deceased appellant might come into Court, and substitute themselves in his place, but they do not choose to do it. I.am of opinion then, that the plaintiff may issue a scire facias to call them in.' But to this it is objected, that they ought not to be brought in, because their testator being dead, the judgment survives against the surviving,obligor, and the estate of the testator is discharged. I give no opinion as to the personal assets^ but the real estate, if any, is not discharged. In the note to Sergeant Wil~ Ham's Ed. of Saunders Reports', 51, a, the law is accurately laid down, and cases edited to support it. A personal execution survives, but a real one does not. But, it may be said, supposing the law tp be so, why not proceed against the heir or terre tenant ? Fanswer, that the proceeding against the executor is mofe analogous to the law and. practice of the Commonwealth. The land of. the testator is subject to the payment of all his debts., and is supposed in law to be assets in the hands of the executor for the purpose of paying debts. On a judgment against the executor, the land may be levied on in -.the hands of the heir, or devisee, or any person who has purchased it, after the death of the testator. ■ Supposing then the executor of the deceased person to be brought in on a scire facias, and to proceed to a trial on the merits of the cause on the appeal, judgment would be entered on the verdict, and I do not think it necessary to trace the matter fur-' ther at present. It is impossible to anticipate all the diffi. culties. which may arise in forming a practical sj stem under our Act of Assembly, and it would be dangerous to attempt to obviate them before they occur. In general however, I may say, that there was no intention to alter, by that Act, the general principles of the law as to the liability of the real or personal estates of two defendants against whom a joint judgment is entered. Consequently the- Courts will take care that those principles shall not be violated. I have forborne from entering into a consideration of those cases in which the estate of a joint obligor who is dead, may be affected by suit' against his executor, the surviving obligor being insolvent. From necessity, out Courts of law give relief in such cases as would bé relievable in equity, as appears by the casé of Lang and others v. Keppele's executors, *357 I B'inn. 123, where an action for a partnership, debt, was sustained against the executors of the deceased partner,, in the life-time of the survivor, who was a certificated rupt. In case of a judgment against two joint partners, the law would be the same. Although by the death of one, after judgment, the execution, at law, would, survive, yet in case of the insolvency of the survivor, recourse might be had to the estate of him who was dead. What were, the circumstances of the present case, does not appear. We see nothing but a judgment on a joint bond, and therefore it cannot be said that any principles of equity are applicable.
Gibson -J.
As difficulties are sometimes felt, respecting the course to be pursued, where one of two or more joint defendants, has died after an appeal from arbitrators, it is necessary to point out what I conceive to be the proper one; and were it not that my confidence in the opinion I am going to deliver, is some what lessened by its being in opposition to that of my brethren, I should deem that course a plain and obvious one. By the common law, where one of two who are jointly liable, dies before suit is brought, you can sue only the survivor; where, after suit brought, you can obtain judgment only against the survivor : and where after judgment, you can have execution only against the survivor. Thus, the principle, that the executor of a joint obligor, or a joint defendant first dying at any time before execution's discharged, is of .universal application to proceedings according to the course of the common law. Whát is to hinder its application to proceedings on an appeal from the judgment of arbitrators, which are also according to the course of.the common law ? The prevailing principle of that part of the Arbitration Act, which relates to the subject under consideration, is, that after the appeal is taken, the report remains a judgment, although a judgment suspended. If the defendant fails to abate it, according to the condition of his recognisance, the judgment on the verdict does not take the place of, but revives, and brings into active operátion, the old judgment of the arbitrators, whose incidents of lien and accruing interest,-attach from the filing of . the report. Where, however, it is abated in part, the verdict and judgment on the appeal, only revive the old judgment for the rest* *358 due, and merely ascertain the sum due on it. Where, however, a greater sum is found against the appellant, than was reported by' the arbitrators, the old judgment is not merged, although it is included in the new, and one execution issues for all. In all cases of appeal, therefore, joint defendants present one of two, aspects: that of defendants against whom judgment has already been rendered; or of defendants against whom judgment may be rendered hereafter : in either of which, the law is clear, that if one dies, his executor is discharged., From the judgment of the arbitrators, he is discharged, just as in any other case of a joint defendant dying between judgment and execution, whether the execution has been suspended by order of the Court, the intervention of the law, or the laches of the plaintiff: from liability to a future judgment he is discharged, just as in the case of any other joint obligor who dies before judgment. Wherefore, then bring in the executor by a scire facias ? Not that •he may discharge the personal assets (with which only he has any concern) from the judgment of the arbitrators; for they are discharged already: not that he may be made a party along with the surviving defendant, and as such be liable to an increase of recovery in Court; for that would be against the plainest principles of the common law. The truth is, the suit should go against the survivor just as if it had never been before arbitrators at all. I should think this clear beyond dispute where both defendants have appealed. But then one may appeal for himself. True : but then the suit is removed as to the other also, who at least pro forma, Is a party on the record. Such would seem to have been the opinion of Mr. Justice Ybates in Gallagher v. Jackson, 1 Serg. & Rawle, 492; although it was conceded, that the judgment against him who did not join remained before the justice. The Court will take care that he pay no costs, and that he be not, in any other way implicated in the consequences of the appeal; but on the other hand he will be restrained from doing any thing to frustrate the right of the person substantially concerned: .as was held in the case just cited.. The same principle is familiar in cases of equitable assignment; where the assignee is treated as the real party, and uses the name of the assignor subject to no controul of the latter. But supposing ■ the surviving defendant might *359 withdraw his name and defeat the appeal: he would set up the judgment of the arbitrators, which is a judgment binding exclusively on himself, but on which no execution could issue while the cause remained in Court. There is, in truth, but one reason why he should not be permitted to do so ; which is, that the heir of the deceased defendant, or the terre tenant of his land, has an interest in the matter. The executor has none; for by the death of his testator, the personal estate is discharged: even the recognisance to prosecute the appeal with effect is released, and all personal responsibility in the action pending is at an end. Those interested in the real estate, however, should have an opportunity to get rid of the lien created by the judgment of the arbitrators ; and should therefore have a day in. Coúrt., But why issue a scire facias to a person who has nothing tti do with the land ? It is not absolutely necessary to make him a party; for there is a party on the record already, and the only one that can legally be so. This very material circumstance is wanting in ordinary cases of scire facias to. revive a judgment against the land of a deceased party. There, you are obliged to issue' the writ against the executor, because by ©ur laws, lands are assets for the payment of debts, and, by our practice, affected only incidentally through the medium of a judgment in a personal action : and as the inquiry touching the defence of the terre tenant is only collateral, you must have a legal party against whom there may be a judgment. So far is this carried, that the land may be sold on a judgment against the executor without even notice to the heir or terre tenant, the only persons who can have an interest in protecting it; and this doctrine so little creditable to the jurisprudence of Pennsylvania, is now too firmly rooted, to be eradicated without extensively impairing ,the 'security of titles. But why adopt it in a new case, where necessity compels us to exercise a latitude of discretion in providing means to give full effect to the intention of the Legislature. We are not compelled to pursue analogies so little consistent with justice. Here we are not under the necessity of having recourse to the executor to obtain a party : for there is a party already on the record, with whom the plaintiff may bring the matter to .a close, arid he therefore suffers nothing by the executors not coming in. If the heir, or the terre tenant, *360 will not avail himself of an opportunity to defend under the name of the survivor, so much the worse for himself: it is sufficient that he has it; and that may be secured to him, where his testator was the sole appellant, by a rule to shew cause why the appeal should not be struck off; but where both have appealed, simply by a notice. My objection to bringing the' executor on the record ‘ is, that by doing so ’ you blend responsibilities that are. different in their nature and extent: and, beside, you may sell the land of one on á judgment against another who had not the least imaginable interest in setting up a defence. Suppose the executor, on the return of the scire facias, should refuse to appear: for what would you take judgment ? Suppose he becomes a party and there is a verdict for the plaintiff for a sum as great as' was found by the. arbitrators : is it to be against the executor and surviving defendant jointly, or only against the executor; and for what? There cannot be a separate judgment against each, where the jury are sworn as to both : as T apprehend, they must be, where both defendants have appealed. In . either event is it to be cle bonis testatoris or He terris ? Suppose the verdict is for a greater sum than has been found by the arbitrators: is it to have effect to its full extent; or is •it to be inoperative as to the excess ? All this and much more would be avoided by permitting the heir or terre tenant to come in on a rule to shew cause, plead collaterally, and abate, (if he can,) the judgment of the arbitrators under the name of the survivor as the legal defendant. If he should refuse to appear, the rule would be made absolute :. if he should appear, but fail' to obtain a verdict more favourable than the report, the judgment would be de terris; which would, in-either event, leáve the judgment of the arbitrators in full force. On this, execution would issue, in the first instance, against the survivor, just as if there had been no appeal, and the other defendant had died after the filing of the report, but before execution. If the survivor should prove insolvent, a special action adapted to the cirfcumstances of the case, would reach the assets in the hands of the executor of the deceased defendant: as in Lang v. Keppele, 1 Binn. 123. But the plaintiff might also proceed on the judgment of the arbitrators against the lands of both, by a scire facias against the survivor and the heir and terre tenant of the deceased, *361 according to the method pointed out in Serjeant Williams’s note in 2 Saund. 51. a. V say the heir or iérre tenant; for I am not aware that our vicious practice has been applied to a scire facias to revive a joint lien. This particular kind of scire facias, although not expressly given by, yet necessarily-resulted from, the stat. Westm. 2. 13 A. 1. c. 18, which was the first Act of Parliament that made judgments a lien on real estate ; for when the statute permitted the owner to charge his land by subjecting a moiety of it to execution, the Courts immediately held, that a joint judgment did not survive as to the real estate, but that the lien.continued on all the lands that were originally bound. Why this statute was not reported by the J udges, as being in force here, I am at a loss to imagine. It is the source from which flows the whole doctrine of the lien of judgments ; and it is expressly referred to by our Act of 1705, as furnishiiig a-guide in the method of levying a debt or damages by an extent. This particular species of scire facias therefore partakes, in a great degree, of the nature of a statutory remedy, and is not so liable .to receive its force from usage, as one, which is the creature of the common law. But. whatever be its form, its nature',is very different from the scire facias proposed to be issued in the present stage of the proceedings in the case before us. Under the statute, the writ issues against all the original parties, to revive a final j udgment: here it is proposed to issue it against the executor of but one of the parties, to bring him in to avoid an interlocutory judgment, or abide the final judgment of the Court. In the course I have pointed out, complete justice may be done without the least violence to. the common law principle of survivorship. As far as it may be necessary to carry the intention of the Legislature into effect, I have no objection to fill up their outline with a bold hand ; but to bring deceased parties again on the record,'in the person of their representatives, instead of pursuing those who remain, as the others file off, would introduce all that complication of unequal and discordant responsibilities, which the principle of survivorship is so admirably calculated to avoid. You cannot, to avoid this complication, drop the survivor where he has joined in the appeal ; because he is then substantially, as well as formally, the party on the record; and'if. you join the executor, it *362 must be as. a party jointly liable. But suppose that you do drop him and call in the executor to defend separately : .you call in a party who neither has, nor can have, an interest in the question, and exclude the very person who has ,• which is still worse. . In ordinary cases, the heir, or terre tenant, jjas some security that the executor will make the best defence he can ; because the judgment, if adverse, will affect the personal assets as well as the land, and therefore, by possibility the executor himself; but here, unless the judgment would reach assets, which • by the common law were absolved, (to say the least of it, a strange anomaly on the other hand,) it would be altogether indifferent to him whether the plaintiff should recover or not. But, indeed, if there be judgment against the executor for form’s sake, I do not see how the' plaintiff can be restrained from taking execution on it, -and the scire facias would ’ therefore have the effect of materially varying the common kiw liability of the parties: but if it is to be against the land/ the heir, or the terre tenant, is the proper person to defend j and the name of the executor can answer no better purpose on the record, than can that of the surviving defendant. In ¿very way you are involved in a labyrinth of difficulties. I am therefore against bringing in the executor, in any event. ,
Little remains,to be said on the other parts of the case. According to'my view, the appeal in tlje first - action was pending when the second was commenced. ; But take it that it was at an end, and the result is the same: 'A plaintiff who has- recovered jointly against the obligors in a bond, or against the survivor, where one has died after the commencement of the action, can never sue again on the bond, although it may be several as well as joint. -His remédy is, as I have said, against the survivor, and the heir, or terre tenant of the deceased. But in case the survivor prove insolvent, he may in a new action, (but not on the bond,'), recover against-the executor. The present action could be sustained only by adopting the notion that the proceedings in the first action were a nulli ty ; which is against all reason. Here the special plea 'sets out the proceedings exactly as they took place ; and whether they shew another action depending, or a former recovery for the same cause, the plea is supported ; and the judgment must be affirmed.
*363 Duncan J
-The defendants proved the issue tendered they produced the record of a judgment as to the Court set forth in their plea. A judgment of record against both defendants in a joint action unreversed, was a bar to the plaintiff in a new action against one of the obligors, or his representatives. From the time of the entry of the report of arbitrators, the law has declared it shall have the effect of a judgment against the party against whom it is made, and be a lien on his real estate until such judgment be reversed on appeal. Unless an appeal is entered within twenty days, it is made the duty of the prothonotary, on application of the plaintiff, to issue execution on such judgment obtained as aforesaid. Though it is not in every respect a judgment, it has many of the qualities of a final judgment. At the end of twenty days, without appeal, a writ of error will lie on it. In the distribution of a decedent’s effects among his creditors, it would rank as a judgment. On a sale made by the Sheriff on a younger judgment, notwithstanding the appeal, the Sheriff would be bound to retain in his hands the amount of the sum reported, until the judgment was reversed on appeal. If two enter into a. bond, and one dies before judgment, the survivor shall be charged alone. Lampton v.Collingwood, 4 Mod. 315. So where on a judgment in'debt against two, one died ; the plaintiff brought scire facias against the survivor only; the defendant pleaded that the other had left land, and an heir on whom it descended, and demanded if he should answer without the heir being warned : on demurrer, judgment was that he should answer ; for the judgment is against the person, and although the statute of Westminster gives the scire facias and tie git, and he may charge the land and make it real.; yet it is at his election to proceed on the personalty if he will. But if he will take out execution upon the real lien, the charge must be equally against both, and the scire facias against both. But if he brings a scire facias against both, and has judgment on it, he may have a fieri facias against the survivor, or an elegit against both. Trethewy v. Ackland, and Green v. Same, 2 Saund. 51, a, note 4. Smarte v. Esmond, 1 Lev. 30; Sir T. Raym. 26. For whereTands of several are charged with a debt, it shall not wholly lay on the survivor. This report, on its entry, is made a charge and lien on the lands of both, until the judgment is reversed on ap *364 peal. The plaintiff Had His election ; he might have brought separate actions o.n this joint and several bond; but when he has made his election, and treated' it as a joint bond, he is bound by it, .and this obligation oh which a joint action .has been brought,-and a joint judgment obtained, must'be considered to every legal intent, to be a joint obligation. The' judgment must stand affirmed 5 but as in'the argument difficulties were suggested as to the remedy of the plaintiff against "the ‘executors of the deceased obligor, and the mode to be adopted on the state of this record, in the first action, to reach his estate, the surviving obligor being alleged to be insolvent, I will state what appears- to me to be the proper course to render, at least, his land liable to the payment of this judgment. ■ , ' .
In the introduction-of any ñew’system, the most circumspect and experienced legislator will omit many provisions, necessary to the complete operation 'of his . plan. Practice will discover , these defects. To supply some of them, may exceed judicial-power; yet i't is the duty of the Courts, to give efficacy to the law by adopting and applying analogous proceedings under the common and- statute laws,.and though they cannot make laws, they may mould the forms of the ancient laws to the exigency of the new case. In the Register of Writs, the most ancient of books, and of the greatest au-. thority, Lord Coke 'in- the preface to His 10th. Reports observes, f‘ by force of Acts of Parliament in succeeding ages, divers other. writs original in cases newly happening, are added thereunto and in <HaWs journal of Jurisprudence, vol. 1, No. &,fol. 248, will be found a form of'writs of scire facias quare ex.ecutio non against the executors of a deceased defen-' , d.ant, in a judgment in debt against two, the survivor being-insolvent, from the records of the Supreme Court of this State. Stephen Dutilh v. Abraham Mason and Robert Smith, July 1789.- And it is to the-\reasonable exercise-of this legal discretion, that we owe the great improvements made in modern times in our judicial system. How-different is the practice in the timé of Mansfield,' from that which prevailed in the days of Coke ! How beneficial has the change proved to the administration of justice ! I do not mean by this, a departure from rules of property, which can only be altered by the Legislature 3 but the application of ancient *365 principles, and the introduction of new forms to new cases., when they arise. In this State, from the want of a Court of Chancery, much has been done, necessarily and ficially, in this way. One step, which was at first by some prónounced a bold one, but which since has received the approbation of all, our predecessors took on this very subject of joint debts, .in Lang and others v. Keppele's executors, 1 Binn. 123. In order .to reach the estate of a deT ceased partner, where the survivor was a certificated bankrupt, an action for a partnership debt was.sustained against his executor. The Court Considered it a fair case for controlling the form of action so as to give effect to their equity powers. That in some way the defendants, the executors of the deceased obligor, should be reáched, or the lands of the, testator, which are assets in his hands for the 'payment of debts, have- came by operation of law, in this State,-into his hands for payment of debts, charged with the payment of this debt as a judgment, if the plaintiff chooses to 'proceed on this lien, we all agree, though we differ, in the mode; As this judgment by the clear letter of the law continued á lien on the land of -the deceased, it is equally clear that' it did not fall wholly on the land of the survivor; and the law is well settled that if the plaintiff chooses to take out an execution upon.the real lien against both, the scire facias -for that purpose must be brought against both. And as for t,he purpose of trial on the appeal', the judgment is not final, though for many purposes it is, I cannot see any incongruity in proceeding on the Act. of 13th Aprilpi7Ql, by issuing a scire facias or ,citation against the executors, and on their being made parties, going on to trial on the issue joined in the cause, or any other that.may be tendered by them ; and if the verdict should be for the plaintiff, then for every purpose the judgment becomes final, and the scire facias may then well issue against the executors and the survivor, as in Smarte v. Esmond. And as . in this State lands are assets for the payment of debts in the hands of executors, and it has been the constant practice to issue a scire facias against them on a judgment obtained against the testator, and not against the heir and terre tenant, and then to take out execution against the lands of, both, it would seem to me to present a course clear of difficulty, and in the ordinary-course of proceeding, or as nearly,so, as the state of *366 the record would admit; forms preserved and well adapted t0 carry into effect the intention and spirit of the law. This course is simple, unembarrassed, and in conformity, with the general practice of the State in proceedings against the executors, who as to land represent the testator with respect tQ payment of his debts, and I cannot see any good reason or necessity for departing from it in this cause, and it keeps ,up that uniformity so desirable in judicial proceedings. I am not entirely satisfied whether in a case of actual insolvency of the survivor, and the debt being the proper debt of the deceased obligor, or he did not come in as security, but was in point of conscience bound to pay, the plaintiff might not, within the principle of Lang and Keppele, take a general judgment on the scire facias, and this would afford an additional' reason for bringing in the executors. I do not give any opinion how this would be, or whether in such case, the execution might issue generally, or be confined to the land. All that at present I give an opinion on is, as to the mode of bringing in the executors as parties to the original action, and making the judgment against the survivor, and against the executor as available as it is England. ■
Judgment affirmed.