1pw285
152 272.

BENJAMIN HART, for the use of JOHN SHAUB, *against* MICHAEL WITHERS, GEORGE WITHERS, and JOHN WITHERS, trading under the firm of JOHN WITHERS, & Co.

### IN ERROR.

One partner cannot bind his co-partner by deed, although it be given in a transaction in the course of the business of the firm, and the benefit of the contract be received by the firm.

In such case where an award had been made against the defendants, and by agreement they were let into a defence *on the merits,* without being in *any degree* prejudiced by the award, in their defence, they are not precluded by the agreement from putting in the plea of *non est factum,* and availing themselves of the fact that the instrument declared on, was executed but by one of the firm only.

But if such agreement had that effect, it would be waived by taking issue on the plea of *non est factum,* instead of moving to have it struck out.

When suit is brought against several partners upon a sealed instrument, executed by one for all, the plaintiff cannot recover against the partner who actually executed the instrument alone.

ERROR to the District Court for the city and county of Lancaster.

In that court it was an action of covenant, brought by the plaintiff, who was also plaintiff in error, against the defendants, upon the following agreement:

"Be it remembered, that on the 13th day of January, 1816, I have purchased of *Benjamin Hart,* forty acres, or as much more as

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

he may choose to let me have of woodland on the place said *Hart* bought of *Joseph Miller*, in Colerain township, at the rate of twenty-four dollars per acre. The cutting to begin at the corner near *John Caughey's* field, and from thence along the road to the lower end of the meadow on said place, and to cut back in regular proportions or distances from said road; and I do hereby agree to give to said *Hart*, as soon as the quantity is surveyed, three notes for the amount, payable at either of the banks in Lancaster county, in equal proportion : the first note payable on the first day of July next, the second on the first day of October thereafter, and the third and last payment on the first day of January following. It is further agreed that I am to give said *Hart* two thousand good and sufficient chesnut rails out of said wood cutting, for which I am to have a credit of thirty dollars on the amount of the wood. The wood to be all cut before the first day of *May*, 1817, and the wood to be coaled in the same season. In witness whereof, I have here-unto set my hand and seal the day and year first above written.

                                        *John Withers, & Co.*

        Witness,
        *William Murray,*
        *Joseph Miller.*"

The plaintiff entered a rule of reference, under which arbitrators were appointed, who on the 10th November, 1818, made an award in favour of the plaintiff for eleven dollars and seventy cents with costs. On the 22d March, 1820, the attornies of the parties agreed " that the award of arbitrators in this cause should stand as a security for the sum, if any, which shall hereafter be found to be due on trial; and that the defendants are to be let into a defence *upon the merits, without being in any degree prejudiced by the award in their defence.*"

The pleas of the defendants, upon which the cause was put to issue, were *non est factum*, and performance with leave, &c.

On the trial, the plaintiff, after proof that the article of agreement on which suit was brought, was executed by *John Withers*, but not in the presence of the other partners, offered in evidence in connection with that agreement: " the agreement entered in the cause by the attornies to try the cause upon the merits, and to show that at the time of entering into the article, *John Withers, Michael Withers*, and *Geo. Withers*, were iron masters in company, that they acted and transacted business for each other, by one executing deeds in the name of one for the use of all of the company. That the whole proceeds of the timber were taken to the company works, and there used for the joint interest of the company, with the full approbation of all the defendants."

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

This evidence being objected to, was rejected by the court, and a bill of exceptions sealed.

The plaintiff then offered this evidence against *John Withers* (the party who executed the article) alone, this was also objected to, rejected by the court, and another bill of exception thereupon sealed.

These bills of exception were severally assigned for errors.

*Jenkins* for the plaintiff in error, contended that the evidence was competent to charge the defendants upon the contract declared upon by the plaintiff. It was incumbent on the plaintiff to prove that the defendants were partners, that the contract related to the partnership business, and that the deed declared on was the deed of all the partners. The evidence offered went to establish all these points. As a general rule it is conceded one partner cannot bind his co-partners by deed, but the partners may agree to be bound in that way, and then the deed of one would be binding on all.

    1.    What agreement will confer this power ?

    2.    What is the usual proof of such agreement ?

It is not necessary that such agreement should be in writing, or under seal, it may be by parol. *Watson on Part.* 163. As to the evidence of assent necessary to constitute such agreement, it has been held, that if they are present when the partner executes the deed, the co-partners will be bound ; and this although silent when it is done. Their assent is in that case inferred. The evidence of assent may be either express, or inferential. It will be inferred from the acts of the parties at the time, or their subsequent approbation ; as where one partner for his private debt binds the firm, and subsequently the other partners assent to it, they are bound, and this too in a transaction not of the partnership. *Watson on Part.* 169. The evidence offered went to establish this assent by proof, that the contract was beneficial to the partnership, that the fruit of it had been enjoyed by the firm, and that their usual course of dealing warranted this form of binding the firm. If the evidence did establish the assent of all the partners then they were all bound. This was for the jury to determine. One partner cannot bind the firm in a collateral gurrantee, but the assent of the other partners to such transaction will bind them ; and it is competent to show this by proof, that the partners usually gave such guarrantee. *Chit. on Con.* 74. If these partners wished not to be bound by this deed, they should have disclaimed it. *Elliott* v. *Davis,* 2 *Bos. & Pul.* 338. Silence is evidence of assent in many cases. 2 *Starkie : Ev.* 38. If one sell the land of another in his presence, and he is silent, he cannot afterwards assert his title. To permit him to do so would be a fraud on the purchaser. And in our case, if in point of fact, to bind

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

each other by deed, was the mode of dealing of these partners, it would be to permit a gross fraud not to receive evidence of it to bind them. A deed executed by one partner for all, may become binding by subsequent acts of ratification. *Skinner* v. *Dayton,* and others, 19 *Johns. Rep.* 513. This case also shows that authority to bind partners by deed, may be by parol. But the evidence offered should have been received against *John Withers,* who executed the article. Where a judgment bond was given by one partner in the name of the firm, a judgment entered on it, although not binding on the partner who did not execute it, is on him who did; and the court will permit the name of the former to be stricken out, and the judgment to stand against the latter.· *Gerard* v. *Basse,* 1 *Dall.* 119. 1 *Black. Rep.* 1133. *Green* v. *Beals,* 2 *Caines R.* 255. 4 *Esp. Rep.* 220. The agreement upon which the defendant was let into a defence, was an agreement to try on *the merits;* and on this ground the evidence should have been recieved. It never was intended under that agreement that the defendants should be permitted to avail themselves of a defence purely technical, which this is.

*Buchanan,* contra, contended that no position was better established than that one partner cannot bind another by deed. *Wats. on Part.* 160. The receipt of the consideration by the partners will not make it their deed, although it may be in a partnership transaction. *Harrison* w. *Jackson, et. al.* 7 *Term. Rep.* 207. This case is no way distinguishable from that before the court. It was a partnership transaction, on a full and valuable consideration received by the partners, and one partner executed the deed for all.

In all commercial transactions one partner is considered the authorized agent of the co-partners, and they are in contemplation of law virtually present at, and sanctioning the proceedings of each other ; but this holds only as to simple contracts. *Taylor* v. *Coryell,* 12 *Serg. & Rawle,* 243. Authority to one partner to bind others by deed, must be created by deed, no subsequent parol acknowledgment will do. 2 *Caines R.* 255. *Chit. Con.* 78. The case in *Wats. on Part.* 163, is where the partner executed the deed in the presence of his co-partner, with his express assent, and as the deed of both : there both are considered as having executed it, the seal being adopted by the partner, who stood by, when it was put to the paper. But it is a very different case from ours, proceeding upon a principle no way connected with the doctrine of partnership. True in *commercial transactions,* Mr. *Chitty* says that subsequent assent is sufficient to ratify any thing done under the several power of the partners to bind each other ; but this is confined to *commercial transactions* and to *simple contracts.* In such cases the authority is implied, and subsequent acts and acknowledgments will certainly confer it. But it is not so with regard to a contract by deed, and

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

at all events, there is no case, where upon the plea of *non est factum,* it was permitted to the plaintiff to prove the deed by evidence of subsequent assent on the part of the defendant. Upon this plea no evidence is competent but proof of actual execution.

The case in 19 *Johns. Rep.* 513, was not between a stranger and the partners, but between the partners themselves, in which one partner asked contribution for money recovered against him on a deed executed by him for all, and in the name of all the partners. The question in that case was not upon the deed, and on the plea of *non est factum,* but it was collateral to it ; and very properly the enquiry was permitted as to the beneficial nature of the contract to the firm, and subsequent acts of ratification by the other partners. If a recovery had been had against *John Withers* alone on this article,. and he had brought suit for contribution, and offered evidence that the benefit of the contract had been recieved by the firm, then this case would be an authority.

*Hopkins* in reply : these partners had authority to contract for each other, to promote the object of the concern. Here the fruit of the contract went to the use of the partners,. and the contract was made in the course of their business, and for their benefit. It is therefore a defence stripped of all equity, a mere legal shadow, and without justice. The action is an action of covenant, which in Pennsylvania is an equitable action. *Kuhn* v. *Nixon,* 15 *Serg. & Rawle,* 125. At law there is enough to avoid this technical defence,. but in equity there is no doubt. Assent is essential to constitute a contract, but it may be either precedent, concomitant or subsequent to it, and in either case, the same effect, a binding contract is produced. Here the proceeds of the contract were received and used by the company with a full knowledge of the contract, surely this amounted to an affirmance of it. *Watson. on Part.* 163. The operating reason for the rule that one partner cannot bind his co-partner by deed, is that the consideration of a deed cannot be inquired into. This reason does not prevail in *Pennsylvania,* here the consideration is open for inquiry in our courts of law ; in *England,* in equity only, can this be done ; and it would be against mercantile policy to allow the funds of the firm to be hung up until this question could be decided in equity. And in *England,* Lord *Mansfield* held in a case at *nisi prius,* it is true, that where the debt was a partnership debt, one partner may give a bond for it, binding on the firm. But if the assent of the partners is given, there is an end of all reason for the rule. It is clear that where the partner is present when his co-partner executes a deed in the name of both, although there is no evidence of express assent, both are bound. Here the authority is by parol, and the assent is inferred from the presence, and silence of the partner. It establishes that assent may

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

be shown by proof of circumstances : this being established, it is manifest that circumstances necessary to evidence such assent, will be as various as the transactions of men are diversified ; and the question must be submitted to the sound discretion of a jury. Mere presence is held to be sufficient evidence of assent ; other circumstances may exist to demonstrate it more satisfactorily ; and it would be incongruous to say that actual presence alone is sufficient. One may seal for many, and if all consent, it is the seal of all, whether there be one or many seals. It is the consent then, and not the manual operation of sealing which makes the instrument. *Randall* v. *Van Vechten*, 19 *Johns. Rep.* 60. In this case there was a mere resolve of the corporation to pay five hundred dollars on the contract, and it was held such evidence of assent as would bind the corporation. The evidence of assent is much stronger in the case now before the court. He referred also to *Buchannan* v. *Curry*, 19 *Johns. Rep.* 137. Although the case in 19 *Johns.* 513, is a case of contribution, the whole court went upon the principle that subsequent ratification and assent were equivalent to actual execution by all the partners. But the agreement to try on the merits, controls the defence, and excludes the defendants, from ground purely technical, and stripped of all equity.

The opinion of the court was delivered by

Gibson, C. J.—The law of partnership is part of the law merchant, which has respect exclusively to the business of commerce : and as sealed instruments do not ordinarily enter into it, the authority of a partner being limited to the scope of the trade, is held to be incompetent to the execution of them. There may, indeed, be a partnership to carry on a business not purely commercial ; still, however, the authority of the partners is regulated by the usages of trade. The measure of this authority allowed by the law merchant, being graduated to the exigencies of commerce by experience, is the wholesome and the convenient one ; nor ought we, by an apparent hardship to be drawn into a desire to enlarge it. Undoubtedly the partnership had the benefit of the plaintiff's wood ; but he thought fit to furnish it on separate account ; and even if he supposed in point of law that the covenant of the party who sealed the deed, bound all the defendants, yet that, as we have lately determined in *Moser* v. *Libenguth*, (M. ss.) is not such a mistake as would entitle him to equitable relief ; much less can we on the ground of an equity between the partners themselves, say that an instrument is a deed in equity, which is not a deed at law. That even a court of plenary chancery powers will interpose for or against a stranger, on the foot of such an equity, admits of more than a doubt. *Skinner* v. *Dayton*, is not that case ; and I cite it mere-

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

ly to dissent from a point of doctrine asserted in it, on the authority of *Ball v. Dunsterville*, 4 *Term Rep.* 313, that an authority to one partner to bind the others by deed, may in some cases be by parol. I am at a loss to conceive how that case can be deemed an authority for the conclusion deduced from it. It was the case of a bill of sale, sealed by the one in the presence of the other, and delivered as the act of both; and it is therefore clear that the validity of the execution was not supposed to depend on the existence of a previous authority. A thing done in the presence of another and at his request, is his immediate act; as for instance the administration of an oath in the presence of a judicial officer, who by the bye cannot appoint a deputy. One may adopt as his own, a seal affixed by another without his authority, or even against his will, and the delivery, being his immediate act, makes the instrument his immediate deed. The law is fixed and certain, that the authority of any agent to bind by deed, can in no case or under any circumstances be by parol.

But it is alleged that the plaintiff was entitled to treat this as the covenant of all the defendants, by their agreement in the cause. He had obtained an award under the arbitration act, and the defendants, instead of appealing, agreed to let it stand as a security for what, if any thing should be found due, on terms of being "let into a defence *on the merits*, without being *in any degree* prejudiced by the award, in their defence." This word "merits" has certainly no technical or definite meaning; but I cannot understand how a defendant can be without merits, who cuts up the plaintiff's title by the roots, by showing that he never entered into the covenant, which is the foundation of the action. Surely the avoidance of a conveyance by the statute of frauds, would be matter of defence on the merits in an ejectment. What was the object of this agreement? Plainly to place the defendants in the situation in which an appeal would have placed them; and in consideration of the expense and trouble thus saved, can it be supposed that they consented to yield the whole ground of their defence, or at least an impassible part of it? It seems to me that if any thing were wanting to shut out such a conclusion, it would be found in the stipulation, that they were in no degree to be prejudiced in their defence by the award: in other words that for all the purposes of defence, they should be put in the attitude in which they stood before the reference. It was in their power, by appealing, to obtain the advantage of this defence, and it seems to me they ought not to be deprived of it by any thing less than a precise and positive relinquishment. But even if the agreement were such as it is supposed to be, the effect of it was waived by taking issue on the

38

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George Withers, and John Withers, trading under the firm of John Withers, & Co.)

plea of *non est factum,* instead of moving to have it struck out. Having thus staked his case on the existence of a fact, the plaintiff could not afterwards object to any evidence, which was pertinent and competent to prove it.

Huston, J.—In this case I will state very briefly the grounds on which I cannot concur with the opinion of the court.

The grounds on which one partner is not permitted to bind the other by deed in England do not exist, or at least, all of them do not exist here. They are 1st. That the consideration of a deed cannot be enquired into—here it can. 2nd. That a bond will bind the lands of any partner who has lands after his death—here a common note, nay account is recovered after the death of the debtor out of land. It is admitted even there, that one partner may bind another by bond sealed in his presence, although with but one seal. This must be solely because his assent is clearly proved by his being present and agreeing, not dissenting; now I cannot see why assent clearly proved in one way is not as effectual as assent clearly proved in another. Here the offer was to prove that each of the partners, who were iron masters and had lands in partnership, as well as chattels, were in the constant habit of making contracts under seal, which were ratified by the others, and the benefits enjoyed by them—that this contract on the face of it for wood, was for wood for their ironworks, and was actually used at them, and the benefit enjoyed by them all. I would then have permitted this to go to the jury, and if they found a clear assent either before or after, I would hold them bound. One partner is often bound in equity, differently from what he is at law, because he has received the benefit. *Lang* v. *Keppele,* 1 Bin. 123. I would confine the power to partnership transactions, and to property which came into partnership, and was enjoyed by them under a contract, which they knew was made by one of the firm. I would consider the case of partners, whose principal property was real estate, as more within the reason of what I have said, and hold them bound by lease, and other agreements affecting lands, wherever the whole company knew of, acted under, and derived advantage from such contract. As to the agreement by which the judgment was opened, and to try on the merits, whenever any person applies to open a judgment, he is bound to state all the objections which he then has, and every rule and principle, and practice requires this. No person should be permitted to make successively several objections, all of which existed at the same time. I would consider *George* as waiving all objections, except the one stated in his affidavit, viz. want of notice, and opportunity of appearing before the referees. But further it was not agreed to set aside the judgment, it stood as

(Benjamin Hart, for the use of John Shaub, *v.* Michael Withers, George. Withers, and John Withers, trading under the firm of John Withers, & Co.)

a judgment, and the trial was only to ascertain the amount. The article of agreement was merged in the judgment, and ought to have been admitted to prove the price, and quantity of wood, and to show that no receipts were endorsed on it. I am perfectly satisfied the result of this agreement is directly contrary to the understanding of at least one of the parties to it, and to what was intended by both when it was made; or if one intended this plea, such intention was not made known. I would on the agreement consider this objection as not allowable.

Rogers, J., dissented on the point as to the effect of the agreement to open the judgment, and let the defendants into a trial on the merits.

Judgment affirmed.