# Walter *against* Ginrich.

Upon a joint and several bond, a separate action may be maintained against each obligor, or a joint action against both. If a separate action be brought, the executor of a deceased defendant, as well as the survivor, continue liable. But if all the obligors be joined, and one of them dies pending the action, the remedy against the assets of the deceased is gone, and the survivor alone continues liable.

ERROR to the common pleas of *Lebanon* county.

This was originally an action of debt on three joint and several bonds, in which the executors of John Walter were plaintiffs, and John Kuntz and Peter Ginrich were defendants, Kuntz being a principal debtor and Ginrich a surety. While the action was pending, Kuntz confessed a judgment, and soon after Ginrich died, and a *scire facias* issued to his executors to make them parties to the original action. The executors defended upon the ground that the death of Ginrich discharged the assets of his estate from further liability; and the court (Blythe, president) being of that opinion, directed a verdict and judgment for the defendants.

*J. A. Fisher* and *Kline,* for plaintiffs in error.
*Pearson* and *Norris,* for defendants in error.

The opinion of the Court was delivered by

Sergeant, J.—The holder of a joint and several bond may elect to bring a separate action against each obligor, or a joint action against all. If he proceeds by separate actions, the executor of a deceased defendant, as well as the survivor, continue liable. But if he joins all the parties, and one of them dies pending the suit, the remedy against the assets of the deceased is terminated, and the survivor alone is liable. 1 *Chitty's Pl.* 30, 38; *Com. Dig. Action, K.* 4; 5 *Bac. Ab. Obligation, D.* 4; 7 *Bac. Ab. B.*; *Carth.* 171; 2 *Lev.* 228; 7 *Serg. & Rawle* 363; 13 *Serg. & Rawle* 288. The death of Ginrich, therefore, discharged his estate from further liability in this suit, and no *scire facias* could be maintained to compel his representatives to become parties.

Nor is the case within the purview of the act of assembly, passed the 6th of April 1830, for the furtherance of justice between obligors and obligees, and other creditors and debtors. That act relieves a plaintiff from the consequences that resulted at common law, from his obtaining a judgment against one of several obligors, copartners, promissors or indorsers. The first section provides for the case of process not being served on all the defendants, and judgment obtained

[Walter v. Ginrich.]

against those served with process. The second section embraces the case of a confession of judgment by one or more defendants; and the provision is, that the judgment obtained shall not, in either instance, be a bar to recovery against the rest. But the act contains no provision where one defendant dies pending a joint suit against him and others. The rule on that head remains as before. The language of the act is very explicit, and must be confined to the cases it enumerates.

Judgment affirmed.