NOTE.—Syllabus by the Court.

---

## Lackawanna Publishing Company v. Allen.

*Judgments—Voidable judgments—Default judgment against a decedent—Rule to open—Practice, C. P.*

1. A judgment against a deceased person for want of appearance or for want of an affidavit of defence is voidable.

2. A thing that is voidable is as much a nullity as a thing that is void, provided the voidable thing is brought to the attention of the proper tribunal, whereupon the tribunal will set aside the voidable transaction.

3. It is manifestly improper to take judgment against a person who is deceased, and who is, therefore, unable to prevent the entry of summary judgment, and where such a judgment has been taken, it will be opened upon petition of the defendant's executor.

Rule to set aside *sci. fa. q. ex. non* and to open judgment. C. P. Lackawanna Co., June T., 1922, No. 238.

*John B. Jordan,* for rule; *S. B., C. B.* and *J. H. Price,* contra.

MAXEY, J., Feb. 14, 1923.—In this case Cassie Allen, executrix of the estate of Robert W. Allen, deceased, represents, *inter alia,* that she is the executrix of the last will and testament of Robert W. Allen, who died on June 7, 1922; that at the time of the decease of said Robert W. Allen a summons in *assumpsit* had been issued and served upon him, but that at said time said Allen was unable, on account of serious illness, to consult with his attorney or to file any affidavit of defence; that on Oct. 4, 1922, the plaintiff entered judgment in the above case in the prothonotary's office for $3597.32 against the defendant for want of appearance and affidavit of defence; that on Oct. 20, 1922, the plaintiff served upon the petitioner a *sci. fa. q. ex. non,* returnable Nov. 6, 1922, to No. 527, November Term, 1922, asking why the aforesaid judgment should not be revived and the lien continued against said Cassie Allen, executrix as aforesaid, and why she should not be substituted and made defendant in the place and stead of Robert W. Allen, deceased, so that execution may issue against her as executrix.

The petitioner asks the court to grant a rule to set aside the *sci. fa. ex. non* issued on Oct. 20, 1922, and to open the judgment entered on Oct. 4, 1922. A rule to show cause was granted.

It is well settled that a judgment taken against a deceased person for want of appearance or want of a sufficient affidavit of defence is voidable. In Lawrence *v.* Smith, 215 Pa. 534, Mitchell, C. J., said: "The judgment having been entered after the death of the defendant was voidable." There is manifestly clear reason why it is voidable, to wit, the impossibility of a decedent showing

3 D. & C.

Lackawanna Publishing Company v. Allen.

cause against the plaintiff's claim: Warder v. Tainter, 4 Watts, 270, 278. Fitzgerald v. Stewart, 53 Pa. 343, 346: "At common law the death of either a sole plaintiff or defendant in any case abated the suit." See, also, Walter v. Ginrich, 2 Watts, 204, and Finney v. Cochran, 1 Watts & Sergeant, 112.

Plaintiff's counsel in their brief stress the fact that "a judgment rendered against a defendant after his death, who died pending the suit, is at most only voidable."

A thing that is voidable is as much a nullity as a thing that is void, provided the voidable thing is brought to the attention of the proper tribunal, whereupon said tribunal will set aside the voidable transaction. The judgment against Robert W. Allen takes full legal effect only until it is disputed and only until it is brought to the attention of the court and the court has acted upon the same. It has now been disputed and brought to the attention of the court, and it is clearly the duty of the court to open said judgment. It is manifestly improper to take judgment against a person who is deceased and who is, therefore, unable to prevent the entry of summary judgment. This is also the rule in the case of an insane defendant. In the case of Alexander v. Ticknor, 1 Phila. 120, the court said: "It appears that we ought not to give judgment against an insane man. If he is now insane, he is not defending the action and the creditor must controvert the fact, or if he admits it, a committee must be appointed, and against such a committee we will not enter judgment for want of an affidavit of defence."

We will open the judgment in this case and the plaintiff may proceed with its claim as in such case made and provided.

Now, to wit, Feb. 14, 1923, the rule to set aside the sci. fa. q. ex. non issued to No. 527, November Term, 1922, and to open the judgment entered to No. 238, June Term, 1922, is made absolute.

From William A. Wilcox, Scranton, Pa.