Tilghman C. J.
The executors of Silas Jackson brought suit against Gallagher and Evans before a justice of the peace, and obtained judgment for 96 dollars 54 cents, and costs. Gallagher appealed, and gave security as required by law. In the Court of Common Pleas of iMzerne county, Gallagher appeared to prosecute the appeal, but Evans came into court in proper person, and requested that the appeal *493 might be struck off, because it was entered without his consent. The court was of opinion, that an appeal could not be entered by one defendant against the will of the other, and therefore ordered it to be struck off. The president of the Court of „ -- , , Common Pleas entered his opinion at large upon the record. His reasons are, “ that all the parties to a judgment must join “ in a writ of error, and if one refuses, he must be summon- “ ed and severed; but in the present case there can be no> se- “ veranee, the action being personal; therefore there can be “ appeal.” When it is said there can be no severance in a personal action, I take it, that the rule is to be applied to plaintiffs, and not to defendants, because defendants may plead severally, and judgment may be given for the plaintiff against orie of the defendants, and for the other defendant against the plaintiff, unless it appears on the record, that the plaintiff had no cause of action against either. Thus in Marler v. Ayliffe et al. Cro. Jac. 134. The action was trespass against two defendants for taking a gun, &c. One of the defendants justified, and the other pleaded not guilty. There was a verdict against the one, who pleaded not guilty, and in favour of him who justified, and judgment was entered accordingly, because the justification did not prove, that the plaintiff could have no cause of action against the other defendant. But if the justification had been of such a. nature as destroyed the plaintiff’s action, (as if, for example, the plaintiff had given the gun to one of the defendants,) he could not have had judgment against either defendant. The same distinction between plaintiffs and defendants prevails in writs of error in personal actions. Where the plaintiffs bring the writ of error they must all join, and there can be no severance, because, as they have a joint right to the debt or damages, which they are proceeding to recover, the release of one would bar them all, and, on the same principle, the dissent of one to the writ of error, shall bar the others from prosecuting it. But when the defendants bring the writ of error, the object is to discharge themselves from the judgment, and not to recover apy thing. There is therefore no joint right. If one defendant could prevent the other from bringing a writ of error, it would not only be a great hardship, but might be of most mischievous consequence; for the plaintiff, having a right to make any persons defendants whom he thinks proper, might by collusion introduce a *494 defendant for tbe purpose of avoiding a writ of error. The same law which governs writs of error will apply, with at ieagt equai force, to appeals. For writs of error, I refer to Ruddock's case, reported in 6 Co. 25, and Cro. El. 649. In replevin there was judgment against six defendants. A writ of error was brought in the name of all, and the defendant in error pleaded a release from one, but the plea was held to be bad. In the present case there was no formal summons and severance; but it appears on the record, that one of the defendants separated himself from the other, by coming into court, and disavowing the appeal, so that there was in fact a severance. It would be wrong to insist on strict form in those actions which are commenced before justices of the peace, where the object is to do justice in a cheap and summary way. I am of opinion, that the appeal was well entered by Gallagher, and therefore ought not to have been dismissed. The judgment of dismissal must be reversed, and the record remanded to the Court of Common Pleas, in order that they may proceed on the appeal.
Yeates J.
I see no reason whatever, why one of two defendants against whom-judgment has been rendered by default, by a justice of the peace, for a sum not exceeding 100 dollars, under the act of 20th March, 1810, shall not have the benefit of an appeal within twenty days after the judgment given, by the 6th section of that law, upon giving the security required therein. One defendant may be aggrieved by a decision which another may see no ground to complain of. Although two persons may have given a joint promissory note, it does not follow that both of them may be legally bound to discharge it. They may plead distinct pleas, and refuse to join in making their defence. One may rely on the act of limitations, which the other may decline doing: So one may plead infancy, duress, or other pleas in bar, which may hold good as to the one, but not as to the other. I readily agree, that it is not competent for one of two defendants before a justice of the peace, to compel his co-defendant to appeal to a superior tribunal, thereby subjecting him to the probability of having judgment rendered against him, for a sum greater than the amount of the judgment, together with an accumulation of costs. At the same time, it appears perfectly clear to me, ¿hat one defendant, by holding back, of *495 doing any act whatever, shall not frustrate the right of rehearing, claimed by another defendant, which the law has conferred on all persons who have been impleaded. As to this point Ruddock's case (6 Co. 25, a. Cro. Eliz. 648. Jenk. Cent. 271,) is full and direct. In a replevin against six, judgment was given against them all, and they brought error, wherein the defendant in error pleaded a release of one of them, on which the plaintiffs demurred, and the plea was adjudged bad , because the nonsuit or release of one shall not prejudice his companions, to bar them to proceed in the suit. And this difference was held to be good law. Where many are actors by way of charging another, the act of the one shall prejudice the others, for the law presumes a folly in them, to join with one who might discharge all. Otherwise it is, where they be plaintiffs to discharge themselves. It is not for a defendant to appoint who shall be joined with him in the action; and when the defendants are compelled to join in a writ of error or attaint, to defeat a judgment, it is not reason, that the act of one should prejudice his companions. So in Lord Cromwell and Andrews, Yelv. 4, if one of the plaintiffs in the writ of error appears, and the others make default, he who appears ought to pray process, ad sequend sbnul, and thereupon judgment of severance will ensue ; for, before appearance,there. can be no judgment of severance without process : aliter, after appearance. In the present instance, Gallagher appealed in due time, and gave the requisite security for himself only. The books point out the regular course to be pursued as to the other defendant. The court will give the party appearing time to summon the other, and, in case of his refusal to join, he will be severed. 2 Crompt. 330. Carth. 7. 8 Mod. 305. 1 Wils. 88. 1 Stra. 606. 2 Ld. Raymond, 1403. 2 Stra. 783.
I frankly confess, that I know of no instance in Pennsylvania, wherein this mode of procedure has been followed, but here it has been pursued substantially. It is expressed in the opinion of the president of the' court, that, on the rule to show cause why the appeal should not be struck off the record, John Evans appeared in open court, and stated, that the appeal was entered by Peter Gallagher, without his consent, and contrary thereto, and desired that the same might Ise stricken off. It would have been an idle ceremony to issue a summons to Evans, ad sequend’ sbnul, when he had appear *496 ed gratis upon the rule, after which, and not before, could judgment of severance be given, according to the authority 0f Lor(j Cromwell and Andrews before cited. This was a severance in fact; Evans publicly disclaimed the appeal, and withdrew himseli from all its consequences,
jt pas indeed been objected, that there can be no summons and severance in personal actions, except in the case of exeecutors ; and Ero. summons and severance, pi. 8. was cited to that point. But this is manifestly contradicted by the cases I have already referred to. If such were the law, the opinion of the court was clearly erroneous, in ordering the appeal to be struck off, for want of proceedings which were unwarrantable in law.
The writ of error was properly brought in the names of both defendants against whom judgment was originally given by the justice. 3 Mod. 134. 1 Stra. 606. 2 Stra. 977. Mod. Cas. 40. Imp. B. R. 384. It would be the cause of great delay, if the defendants, in a suit whereon judgment has been rendered, could severally take out different writs of error. Evans cannot be. implicated in the event of this writ; the judgment against him before the justice stands in full force; from this he has not appealed, nor brought error. I am, therefore, of opinion, that the judgment of the Court of Common Pleas of Luzerne county be reversed, and that the appeal be reinstated on the records of that court.
The opinion of Brackenridge J. has been mislaid, and the reporter has not been able to learn whether he agreed with, or differed'from, the rest of the court.
Judgment reversed, and record remanded.