The opinion of the Court was delivered by
Tilghman, C. J.
The counsel for the defendant in error, have moved to quash the writ because all the defendants below have not joined in it. It is an action of trespass, brought by John Floyd against the plaintiff in error, S. E. Fotterall, and five other persons. The plaintiff declared against all six of the defendants, and laid them under a rule to plead. Two of them pleaded to issue, upon which a verdict was found for the plaintiff, and damages assessed against those two only. Against the four others (of whom the plaintiff in error is one) judgment was entered by default for want of a plea; but no writ of enquiry was executed, nor does it appear by the record that any was prayed for. Under these circumstances the plaintiff took out a fi. fa. against all six defendants, and caused a levy to be made on the property of the plaintiff in error alone.
The counsel for the plaintiff in error has taken a distinction between those defendants who went to trial, and those against whom judgment was entered by default. He supposes *320 that their cases are entirely different, and, therefore, they _ need not join in a writ of error. But if their cases were difperene it would not help the plaintiff in error against the objection made to his writ, because these four defendants against whom judgment was entered by default, stand exactly on the same footing, and are, therefore, within the principle contended for by the defendant in error, that is to say, that one defendant cannot maintain a writ of error alone. It comes at last, then, to the simple question, whether this principle be sound ? There is great reason why one defendant should not be permitted to take a writ of error alone, because, if he could, the plaintiff might be most unreasonably delayed. Every writ of error operating as a supercedeas, the plaintiff’s execution might be arrested by successive writs, sued out one after the other, until each defendant had taken his turn. So much for the reason of the thing; then, as to authority. We find it strong and express against several writs of error. This will be seen in Hacket v. Horne, Carth. 7, Walter v. Stokoe, 1 Ld. Ray, 71. Brewer v. Turner, 1 Str. 233. Cooper v. Ginger, reported in 1 Str. 606, and Ld. Ray, 1403. And it is to be-noted, that the principle decided in Hacket v. Horne is mentioned and acknowledged by Mr. Justice Yeates (great authority) in the case of Knox v. Costello, 3 Burr. 1789. In our own country, we find the jaw held in the same manner, in Andrews, &c. v. Bosworth, 3 Mass. Rep. 223. The only reported case in this State which bears at all upon the point, is Gallagher, &c. v. Jackson, 1 Serg. & Rawle, 492. That was ah appeal from a judgment given by a Justice of the Peace against two defendants. The appeal was to the Court of Common Pleas, where one of the defendants appeared and disavowed the appeal. It was decided by this Court, that the appearance and disavowal by one, amounted to a severance, and that the other alone might maintain the appeal; but, in that case, the appeal was entered in the name of both defendants, so that the question now before us did not occur. The counsel for the plaintiff in error has not weakened the force of these decisions by counter authority; he has shewn, that where one defendant is outlawed, the other may bring error alone. 1 Raym. 691. Oliver v. Hunning. The answer to that case is,' that there was no judgment against the person outlawed, nor did he remain a party to the suit. So where there are five defendants, of whom three are acquitted, and verdict and judgméntagainst the other two. It is evident that only fhoseagainst *321 whom judgment passes, can have error. For the same reasons, where the plaintiff enters a nolle prósequi against one, and takes judgment against the others, he, against whom there was a nolle prosequi, shall not join in a writ of error. Only one of the plaintiff’s cases touches the point, and that is found in Brook’s Ab. title “ Joinder in Action.’’ pi. 77, and 9 Vin. 499. (Error K. pi. 39.) “ Trespass against two ; they may join in error, or sever, at election.” 14' H. 6. 9, is cited. If by this it is meant, that one of the defendants may either join in the writ of error, or sever (that is, withdraw and leave the other to prosecute alone), I agree to iti But if it is intended to say, that each may prosecute his writ of error separately, it cannot be law, because contradicted by many better authorities. It is said to be extremely hard that one defendant should be deprived of his writ of error, because the other refuses to join in it. But no such hardship exists. One defendant may sue out the writ in the name of all, and if the others refuse to join in the prosecution, they may be summoned to the Court of error, and severed, after which they never again can maintain a writ of error, but he who sued out the writ may go on alone. In this manner all hardship on the defendant, and all inconvenience to the plaintiff, are avoided.' I do not know that the process of summons and severance, has ever been used in this Court. ' We should probably proceed in a less formal and less expensive way, by layihg a rule on those persons named as plaintiffs in the writ of error and not appearing, either to appear and join in the prosecution, or submit to be severed.
The counsel in this case have entered into very elaborate arguments, as to the effect of the verdict on those defendants against whom judgment was entered by 'default. It is asserted on one side, and denied on the other, that execution might be issued against all six defendants, for the amount of the damages assessed against those who joined issue. Many cases were cited, not all quite consistent with each other, or with good sense. Upon that point, however, we give no opinion, because it is unnecessary. The question before us is, whether one defendant alone can prosecute a writ of error. We are of opinion that he cannot, and, therefore, that this writ should be quashed.
Writ of error quashed,